E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
BRETT A. SAGEL (Cal. Bar No. 243918)
GREGORY W. STAPLES (Cal. Bar No. 155505)
Assistant United States Attorneys
    Ronald Reagan Federal Building
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
    Facsimile: (714) 338-3708
    Email:     Brett.Sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SA CR 19-10(A)-JLS |
|---|---|
| Plaintiff, | GOVERNMENT'S *EX PARTE* APPLICATION FOR JUDICIAL FINDING THAT DEFENDANT BREACHED HIS PLEA AGREEMENT; EXHIBITS |
| v. | |
| DZUNG AHN PHAM, | Hearing: TBD[1] |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brett A. Sagel and Gregory W. Staples, hereby files this ex parte application for a judicial finding that defendant breached his plea agreement if the Court denies defendant's motion to withdraw his guilty plea (CR 123).

///

---

[1] This ex parte application is contingent on the Court first denying defendant's request to withdraw from his plea agreement. As such, the government would request that this application be set for April 7, 2023, at 1:30 p.m. to be decided in conjunction with defendant's motion to withdraw his plea agreement (CR 123).

This application is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 30, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

           /s/
_____
BRETT A. SAGEL
GREGORY W. STAPLES
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant DZUNG AHN PHAM ("defendant") signed his plea agreement on September 21, 2022, which is when it took effect according to its terms. (CR 78 ("Plea Agreement") ¶ 21: "This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney."). On October 7, 2022, defendant pled guilty to count one of the first superseding indictment charging him with conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846. (CR 91.) The plea agreement imposed several obligations on defendant, including that he "[n]ot contest facts agreed to in this agreement," "[a]bide by all agreements regarding sentencing contained in this agreement," and "[b]e truthful at all times with the . . . the Court." (Plea Agreement ¶ 2(b), (c), and (f).) Through his attempt to withdraw from the plea agreement, including the claims made in his motion, defendant violated these obligations. Accordingly, the Court should find that defendant breached his plea agreement, thereby releasing the government from its obligations under the plea agreement.

**A. Plea Agreements Are Interpreted According to Contract Law**

The Ninth Circuit held that:

> Plea bargains are contractual in nature and subject to contract-law standards. Just as with other forms of contracts, a negotiated guilty plea is a "bargained-for *quid pro quo*." Thus, either party can be said to "breach" a plea bargain if it fails to live up to the promises it made under the terms of the agreement. Where a defendant has breached a plea agreement, courts have found the government to be free from its obligations.

United States v. Sandoval-Lopez, 122 F.3d 797, 800 (9th Cir. 1997) (citations omitted).

The "government bears the burden of proving that the defendant breached his agreement by a preponderance of the evidence." <u>United States v. Plascencia-Orozco</u>, 852 F.3d 910, 920 (9th Cir. 2017); <u>see also</u> <u>United States v. Gonzalez Sanchez</u>, 825 F.2d 572, 578 (1st Cir. 1987) ("When the government seeks to revoke a plea agreement, it must demonstrate to the trial court that the defendant has not fulfilled his promises.").

Here, the plea agreement defendant signed also expressly states that the government will be released from its obligations under the plea agreement if the court finds that defendant breached any of his obligations:

> Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  <u>All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach</u>, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  <u>If the USAO declares this agreement breached, and the Court finds such a breach to have occurred</u>, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, (b) the USAO will be relieved of all its obligations under this agreement, and (c) defendant will still be bound by defendant's obligations under this agreement.

(Plea Agreement ¶ 22, emphasis added).

Under the plea agreement, the government also cannot contest facts agreed to in the plea agreement and had agreed to stipulate to a sentencing guidelines offense level of 34 based on defendant admitting to distributing controlled substances to 18 "patients" from 2013 to December 2018.  (Plea Agreement ¶¶ 10, 12, 25.)  If the Court finds that defendant has breached his plea agreement, the government could provide additional information to show defendant distributed

2

considerably more drugs to hundreds of additional patients during a longer time period, which the government has so far not argued for to the Court (or the Probation Office).[1]

### B. Defendant's Motion to Withdraw his Guilty Plea Breaches His Obligations Pursuant to the Plea Agreement

The plea agreement required defendant to plead guilty to count one of the first superseding indictment, which charged defendant with conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846.  The plea agreement further obliged defendant not to "contest facts agreed to in [the plea] agreement."  (Plea Agreement ¶ 2(b).)  Defendant admitted as part of his factual basis that he conspired "**to knowingly and intentionally** distribute Schedule II narcotic drug controlled substances, including oxycodone, hydrocodone, and amphetamine salts, while acting and **intending** to act outside the usual course of professional practice and without a legitimate medical purpose.  Defendant issued prescriptions for oxycodone, hydrocodone, amphetamine salts, and other controlled substances in exchange for cash and insurance payments, **knowing** that the prescriptions were issued outside the usual course of professional medical practice and without a legitimate medical purpose."  (Id. ¶ 10 (emphasis added).)  Defendant further admitted to writing prescriptions for over 150,000 pills of controlled substances to eighteen "patients" while he "**acted with intent to distribute the drugs and with intent to distribute them outside the**

---

[1] The government would also no longer recommend defendant receive any reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 as his motion to withdraw from the plea agreement does not demonstrate his acceptance of responsibility up to and including the time of sentencing.  (Plea Agreement ¶ 3(d).)

**course of professional practice and without a legitimate medical purpose.**" (Id. (emphasis added).)

Defendant's motion to withdraw contests that he intended or knew that he issued the prescriptions outside the course of professional practice or without a legitimate medical purpose. (CR 123 at 2.) This is both untruthful -- as contradicted by defendant's own under oath statements -- and contests facts previously agreed to by defendant under the agreement. The government is therefore declaring a breach of the plea agreement and asking this Court to find that such a breach occurred. (Plea Agreement ¶ 22.)

### C. The Government Requests a Ruling on the Breach in Conjunction With the Court's Ruling on the Motion to Withdraw from the Plea Agreement

The plea agreement requires the government to agree to certain facts and guideline ranges for sentencing, specifically that defendant's base offense level is 34. If the Court were to find, however, that defendant breached his plea agreement, then the government would be free to provide additional information it possesses to the Court (and the Probation Office) for sentencing. Because the parties have already submitted sentencing positions based on the plea agreement, if the Court denies defendant's motion to withdraw and agrees that defendant breached his plea agreement, the government expects to file a supplemental sentencing position with additional exhibits. The government wants to file the supplemental position with sufficient time in advance of the April 28, 2023, sentencing hearing. If the Court simultaneously denies defendant's motion to withdraw and determines defendant breached his plea agreement on April 7, 2023, this would permit the Probation Office

and the Court adequate time to consider the government's supplemental filing.

In response to an email from the government, defense counsel stated defendant opposes the government's application as follows: "The motion to withdraw is based on a failure to properly state the elements of the offense to which the defendant pled guilty.  Moving to withdraw because the plea agreement misstated the law is not a breach by the defendant.  It is a recognition of a legal failure of both the factual basis and the agreement itself.  So, we take the position that this would not constitute breach of anything.  A defendant cannot enter a legally insufficient plea.  Therefore, asking the Court to determine whether it was legally insufficient does not constitute a breach, but rather a request for an accurate determination of law."

**D.   Conclusion**

Defendant's filing of his motion to withdraw his guilty plea breached his obligations pursuant to his plea agreement because, among other things, defendant contested facts to which he agreed in the plea agreement.  The Court should find that defendant's motions and the claims made therein constitute a breach of his plea agreement, thereby freeing the government from its obligations under the plea agreement.